## ALABAMA MIDLAND RAILWAY COMPANY *v.* GASSETT.

*Atkinson, J.*—The plaintiff's evidence showing that his cattle, for the killing of which the action was brought, were killed by the defendant's train, a prima facie case was made in his favor; and the legal presumption of negligence against the company was not overcome by evidence in its behalf showing that the killing took place "at or near" a named crossing, when the train was running at such a rate of speed that it could not be stopped upon the crossing in question.  Such evidence was sufficient to warrant the inference that the killing occurred *upon* a "crossing"; and this being so, it was incumbent on the company, in order to show that it exercised the degree of diligence required of it by law, to prove affirmatively that the crossing was one to which the provisions of section 2222 of the Civil Code did not apply.          *Judgment affirmed.*

Submitted November 17,—Decided November 30, 1896.

Certiorari.  Before Judge Spence.  Decatur superior court.  May term, 1896.

Gassett sued the railroad company for $20 for two cows killed, and obtained a verdict for that sum.  By certiorari defendant alleged that the verdict was contrary to law and

evidence and without evidence to support it. The certiorari was overruled, and defendant excepted. There was evidence for plaintiff, that the cows were killed by defendant on the night of September 8, 1895, and were worth $20. For defendant, the engineer of its passenger train testified: The cows were killed at or near Valentine's crossing, a little after twelve o'clock of the night of September 8, 1895. He saw them first from 75 to 90 feet ahead of his engine. The train was running fifty miles an hour; the track was perfectly straight; he used every effort in his power and had access to every known power to stop a train, and used such power, and it was a physical impossibility to stop the train before the cows were struck and killed. He was on the lookout, and had the cows got on the track a greater distance than 90 feet he could have seen them. The night was clear, and he had a good headlight on his engine. He blew the danger whistle. The fireman testified that when the cows were struck he was engaged in firing the engine, and did not see them struck, but heard the signal blow.

*Donalson & Hawes,* for plaintiff in error.